UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| GOLDEN SPREAD ELECTRIC COOPERATIVE, INC., AND CERTAIN UNDERWRITERS AND INSURERS AS SUBROGEE OF GOLDEN SPREAD ELECTRIC COOPERATIVE, INC. | § § § § § § § | CIVIL ACTION NO. _____ |
| V. | § § | |
| PROENERGY SERVICES, LLC AND GE GRID SOLUTIONS, LLC f/k/a ALSTOM GRID, INC. | § § § | DEFENDANT DEMANDS A JURY |

### DEFENDANT GE GRID SOLUTIONS, LLC'S NOTICE OF REMOVAL

COMES NOW, Defendant GE Grid Solutions, LLC ("GE Grid"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, alleging that diversity jurisdiction exists under 28 U.S.C. § 1332, and removing the above-captioned case from the 121st Judicial District Court of Yoakum County, Texas, to the United States District Court for the Northern District of Texas, Lubbock Division. In support, GE Grid respectfully shows the Court the following:

### I. INTRODUCTION

1.  This action was commenced by Plaintiffs Golden Spread Electric Cooperative, Inc. and Certain Underwriters and Insurers as subrogee of Golden Spread Electric Cooperative, Inc. (collectively, "Plaintiffs"), on June 20, 2019 by the filing of Plaintiffs' Original Petition under Cause No. 10184 in the 121st Judicial District Court of Yoakum County, Texas. *See Exhibit A-1, Plaintiffs' Original Petition.* In their Original Petition, Plaintiffs named GE Grid and ProEnergy Services, LLC ("ProEnergy") as defendants. *See id.*, at 2. GE Grid was served with process on July 15, 2019. *See Exhibit A-3, Citation and Return of Service on GE Grid*, which is attached hereto.

2. Removal is proper because there is complete diversity between the parties and Plaintiffs are seeking over $75,000 in damages.

## II.  PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Upon filing this Notice of Removal, GE Grid provided written notice of this removal to Plaintiffs and the Yoakum County District Clerk as required by 28 U.S.C. § 1446(d). Copies of all processes, pleadings, and orders are attached hereto pursuant to 28 U.S.C. § 1446(a).  *See Exhibits A, A-1, A-2, A-3, A-4,* and *A-5,* which are attached hereto.

4. This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) as it is filed on or before the expiration of 30 days from July 15, 2019, the date that GE Grid was served with Plaintiffs' Original Petition.  *See Exhibit A-3, Citation and Return of Service on GE Grid.*

5. ProEnergy was served on July 11, 2019, and consents to the removal of this action.  *See Exhibit A-2, Citation and Return of Service on ProEnergy; and Exhibit B, ProEnergy's Notice of Consent to Removal,* which are attached hereto.

## III.  VENUE

6. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace Yoakum County, where the removed action was pending.  *See* 28 U.S.C. § 124(a).

## IV.  PARTIES

7. Plaintiff Golden Spread Electric Cooperative, Inc. is a Texas corporation with its principal place of business in Texas.  *See Exhibit A-1, Plaintiffs' Original Petition,* at 1.

8. The insurer Plaintiffs, identified generally in the introduction of Plaintiffs' Original Petition as "Certain Underwriters and Insurers as subrogee of Golden Spread Electric

Cooperative, Inc.," are identified with more specificity in ¶ 2; however, their citizenships are not set forth therein.

9. Based on information and belief, including but not limited to, representations made by Plaintiffs' counsel that none of the insurers are incorporated in Texas or have their principal places of business in Texas, GE Grid alleges as follows:

- (a) Plaintiff Westport Insurance Company is a Tennessee company with its principal place of business in Tennessee.

- (b) Plaintiff Associated Electric & Gas Insurance Services Limited, identified in Plaintiffs' Original Petition as simply "Aegis," is a company organized in Bermuda and has its principal place of business in Bermuda.

- (c) Plaintiff Hartford Steam Boiler Inspection and Insurance Company, identified in the Plaintiffs' Original Petition as "MunichRe/Hartford Steam Boiler," is a Connecticut company with its principal place of business in Connecticut.

- (d) Plaintiff Zurich Insurance Group Limited, identified in Plaintiffs' Original Petition as "Zurich North America," is a company organized in Switzerland with its principal place of business in Switzerland.

- (e) Plaintiff Price Forbes & Partners, Ltd. is a company incorporated in England with its principal place of business in England.

10. GE Grid is a limited liability company organized under the laws of Delaware with its principal place of business in Georgia. Because GE Grid is a limited liability company, its citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). GE Grid's members and their citizenships are as follows:

- (a) GE Grid's sole member is Grid Solutions (US) LLC, also a Delaware company with its principal place of business in Georgia.

- (b) Grid Solutions (US) LLC has three members:

      (1)      Grid Alliance US Holdings, Inc., a corporation incorporated in the state of Delaware with its principal place of business in Georgia;

      (2)      GE Digital Energy International Technology, Inc., a corporation incorporated in the state of Delaware with its principal place of business in Georgia; and

      (3)      General Electric Company, a corporation incorporated in the state of New York with its principal place of business in New York.

11.    ProEnergy is also a limited liability company, and therefore its citizenship is determined by the citizenship of its members. *See Harvey,* 542 F.3d at 1080. ProEnergy's only member is Jeff Canon, who resides in Missouri and therefore is a citizen of Missouri. *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985) (for purposes of federal diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous.").

## V. BASIS FOR REMOVAL

12.    Federal courts may exercise diversity jurisdiction in civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a)(1). Additionally, none of the properly joined and served defendants may be a citizen of the forum state. 28 U.S.C. § 1441(b). The removing defendant bears the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

13.    The relevant jurisdictional facts are to be judged at the time of removal. *Id.* Subsequent events, such as filing an amended complaint cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

**A.      There is complete diversity amongst the parties**

14.     In this case, there is complete diversity between the parties as Plaintiffs are citizens of Tennessee, Bermuda, Connecticut, Switzerland, and England, while Defendants are citizens of Delaware (GE Grid), Georgia (GE Grid), New York (GE Grid), and Missouri (ProEnergy).   Neither of the defendants are citizens of Texas, the forum state.

**B.      The amount in controversy exceeds $75,000**

15.     Under 28 U.S.C. § 1446(c)(2), when removal is based on diversity jurisdiction, the sum demanded in good faith in the initial state-court pleading is the amount in controversy. Further, the United States Supreme Court held in *Dart Cherokee Basin Operating Co., LLC v. Owens* that if a plaintiff's state-court complaint makes a good faith demand for a certain amount of monetary relief, that amount is deemed to be the amount in controversy.  *See* 135 S. Ct. 547, 551 (2014) (citing § 1446(c)(2) (internal quotation marks omitted)).

16.     Here, Plaintiffs expressly pleaded in their state-court petition that they are seeking to recover damages in the amount of $2,344,252.  *See Exhibit A-1, Plaintiffs' Original Petition,* at 4.  Accordingly, the amount-in-controversy requirement has been satisfied.

### VI.  UNANIMITY OF CONSENT FOR REMOVAL

17.     When removal is based on diversity jurisdiction, generally all defendants who have been properly joined and served in the suit must join in the notice of removal or consent to the removal.  28 U.S.C. § 1446(b)(2)(A).

18.     Here, the only other defendant is ProEnergy, and it has consented to this removal. *See Exhibit B, ProEnergy's Notice of Consent to Removal*.  As such, the unanimity of consent requirement has been satisfied.

## VII.  CONCLUSION

19. GE Grid has shown that complete diversity of the parties exists in this case and that the amount in controversy exceeds the $75,000 jurisdictional threshold.  For these reasons, GE Grid has demonstrated that the requirements for removal under 28 U.S.C. § 1441 have been satisfied.

## VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant GE Grid Solutions, LLC prays that the state-court action now pending under Cause No. 10184 in the 121st Judicial District Court of Yoakum County, Texas be removed to this Honorable Court.

Respectfully submitted,

*/s/ C. Fields*

_____
KENNETH H. LABORDE
Texas State Bar № 11786070
klaborde@glllaw.com
CHARLOTTE A. FIELDS
Texas State Bar № 24032175
cfields@glllaw.com
Gieger, Laborde & Laperouse, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas 77056
Telephone:  (832) 255-6000
Facsimile:   (832) 255-6001

COUNSEL FOR DEFENDANT
GE GRID SOLUTIONS, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing instrument was served on all counsel of record via the CM/ECF electronic filing system on this 14th day of August, 2019.

James D. Dendinger
COZEN O'CONNOR
1717 Main Street, Suite 3100
Dallas, Texas 75201-7335
    *Counsel for Plaintiffs*

Joseph A. Baker
Andy Rose
Jeryn Roberts
COTTON, BLEDSOE, TIGHE & DAWSON, PC
PO Box 2776
Midland, Texas 79702-2776
    *Counsel for Defendant ProEnergy*

_____
Charlotte A. Fields