Case 5:19-cv-00167-H   Document 1-2   Filed 08/14/19   Page 1 of 10   PageID 9

10184
Yoakum County - 121st District Court

Filed 6/20/2019 3:43 PM
Sandra Roblez
District Clerk
Yoakum County, Texas

Sandra Roblez

Cause No. _____

| | | |
|---|---|---|
| GOLDEN SPREAD ELECTRIC COOPERATIVE, INC. AND CERTAIN UNDERWRITERS AND INSURERS AS SUBROGEE OF GOLDEN SPREAD ELECTRIC COOPERATIVE, INC.<br>  Plaintiffs,<br><br>v.<br><br>PROENERGY SERVICES, LLC and GE GRID SOLUTIONS, LLC f/k/a ALSTOM GRID, INC.<br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br><br><br>YOAKUM COUNTY, TEXAS<br><br><br><br><br>_____ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES**

**TO THE HONORABLE JUDGE OF SAID COURT**

COMES NOW, Plaintiffs, Golden Spread Electric Cooperative, Inc. and Certain Underwriters and Insurers as subrogee of Golden Spread Electric Cooperative, Inc. in the above-referenced matter, complaining of Defendants ProEnergy Services, LLC and GE Grid Solutions, LLC f/k/a Alstom Grid, Inc. and files this their Original Petition and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Golden Spread Electric Cooperative, Inc. ("Golden Spread Electric") is a domestic nonprofit corporation duly formed and existing under the laws of the State of Texas having its principal place of business located at 905 S. Fillmore, Suite 300, Amarillo, Texas 79101.

2. Plaintiffs, Certain Underwriters and Insurers, are a group of insurance companies who at all times material herein, had in full force and effect insurance policies insuring Golden Spread Electric as follows: Westport Insurance Company Policy UTP0453622-03; Aegis Policy

PO5661902P; MunichRe/Hartford Steam Boiler Policy 58 A3PP 0000115-05; Zurich North America Policy PWG595419203; and Price Forbes & Partners, Ltd. Policies P15URO2551 and P16UR03280. Each of the underwriters were and are authorized to transact business of insurance in the State of Texas. Plaintiffs are the real party in interest having made payments to Golden Spread Electric pursuant to the identified policies of insurance. The Underwriters are legally, contractually, conventionally and/or equitably subrogated to the rights of their insured, Golden Spread Electric to the extent of the Underwriters' payments.

3. Defendant ProEnergy Services, LLC ("ProEnergy") is a foreign limited liability company duly formed and existing under the laws of the State of Missouri, having its principal place of business located at 2001 ProEnergy Blvd., Sedalia, Missouri 65301. Defendant can be served as follows:

> CSC-Lawyers Incorporating Service Company
> 221 Bolivar Street
> Jefferson City, MO 65101

Plaintiff requests that a Summons be issued to Defendant to allow for service of process.

4. Defendant GE Grid Solutions, LLC f/k/a Alstom Grid, Inc. ("Alstom") is a foreign limited liability company duly formed and existing under the laws of the State of Georgia, having its principal place of business located at 4200 Wildwood Parkway, Atlanta, Georgia 30339. Defendant can be served as follows:

> C T Corporation System
> 289 S Culver Street
> Lawrenceville, GA, 30046

Plaintiff requests that a Summons be issued to Defendant to allow for service of process.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendants, because Defendants have done business in and have continuing contacts with Texas.

2

6.Venue is proper in Yoakum County, Texas under the general venue rule because a substantial part of the acts or omissions occurred in Yoakum County, Texas, and because the property damaged was located in Yoakum County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(j).

7.Plaintiffs would show that the damages to Golden Spread Electric's equipment and property occurred in Yoakum County, Texas. The damages were sustained as a result of Defendants' acts and failures.

8.Plaintiffs seek damages in an amount greater than $1,000,000.

9.Plaintiffs have incurred damages in excess of the minimum jurisdictional limits of this Court. This action seeks the recovery of $2,344,252 for damages to Golden Spread Electric's equipment.

10.Plaintiff gives notice that the total amount of damages is still being calculated and will be updated when applicable.

### III.FACTUAL BACKGROUND

11.Golden Spread Electric is the owner of the Mustang Station Power Plant located outside of Denver City, Texas along 1937 Country Road and located in Yoakum County, Texas (hereinafter "Mustang Station"). The Mustang Station Power Plant utilizes GSU transformers to generate electricity.

12.This loss involves damage to the Unit 4 GSU transformer (the "Transformer"), which occurred during a planned outage wherein maintenance was implemented to proactively change out Trench bushings due to a concern over a potential defect with the bushings.

13.Golden Spread Electric decided to replace the original Trench bushings with replacement components manufactured by ABB.

3

14. In April, 2017, Golden Spread Electric entered into a contract with ProEnergy to replace the bushings. ProEnergy agreed that it could do the job properly without damaging equipment.

15. The ABB bushings being used as the replacement bushings were approximately 4 inches too long, which would not have been a problem if the replacement was done properly.

16. On or about June 25, 2017, during the replacement, a draw lead on the Trench bushing broke off and fell inside the transformer.

17. Golden Spread Electric hired Alstom to assist with retrieving the broken bushing inside of the Transformer.

18. Based upon information and belief, the Trench bushing broke inside of the transformer due to Defendants' mishandling of the bushing during the replacement operation.

19. As a direct and proximate result of the actions, omissions, or inactions of Defendants as described herein, Golden Spread Electric sustained damages to real property and business losses in the amount of Two Million Three Hundred Forty-Four Thousand Two Hundred Fifty-Two and No/100 Dollars ($2,344,252.00).

## IV. AGENCY, RESPONDEAT SUPERIOR, AND VICARIOUS RESPONSIBILITY

20. Whenever in this Complaint it is alleged that Defendants did any act or thing (or failed to do any act or thing), it is meant that these Defendants themselves or through their agents, officers, servants, employees or representatives did (or failed to do) such act or thing. It was also done with the full authorization or ratification of these Defendants, or done in the normal routine, course and scope of the agency or employment of these Defendants or their agents, officers, servants, employees or representatives.

21. Defendants are liable for the damages proximately caused by the conduct of their employees in that these Defendants were the employers on the date that their employees

4

negligently injured Golden Spread Electric while acting within the course and scope of their employment when the injury occurred, and these Defendants had the right to control the activities of their employees.

## V. CAUSES OF ACTION AGAINST PROENERGY SERVICES, LLC AND GE GRID SOLUTIONS, LLC F/K/A ALSTOM GRID, INC.

**Negligence**

22. Plaintiffs replead, restate, and reallege the previous paragraphs above as if set forth fully herein, and would further show the Court as follows:

23. Defendants owed a duty and breached their duty by failing to properly and adequately provide work, labor, materials and services related to replacing the Trench bushings on the Transformer.

24. Defendants had a duty to perform their scope of work on the Transformer in a reasonable, competent and workmanlike manner.

25. Defendants also owed a duty and breached their duty by:

   a. Failing to properly and adequately replace the Trench bushings on the Transformer;

   b. Failing to perform the work required of it in a manner consistent with reasonable care, design specifications, and industry standards;

   c. Failing to consider, appreciate and take appropriate precautionary safety measures to avoid potential conditions that could present an unreasonable risk of injury, harm or damage to Golden Spread Electric's property;

   d. Failing to properly direct, coordinate and supervise its employees, independent contractors, and sub-contractors;

   e. Failing to adequately train and supervise its employees, independent contractors, and/or sub-contractors to ensure that all work was performed properly and according to plans, specifications, industry standards and manufacturer recommendations;

5

  f.  Failing to notify and/or warn Golden Spread Electric of defects, issues or other safety concerns related to the replacement of the Trench bushings on the Transformer; and

  g.  Otherwise failing to use due care under the circumstances.

26. Each of the above referenced acts and omissions, singly or in combination with others, constituted negligence, which proximately caused the damages suffered by Golden Spread Electric, which are in excess of the minimum jurisdictional limits of this court.

**Breach of Contract**

27. Plaintiffs replead, restate, and reallege the previous paragraphs above as if set forth fully herein, and would further show the Court as follows:

28. On or about April, 2017, Golden Spread Electric entered into a Purchase Order Agreement with Defendant ProEnergy. The Terms and Conditions of the Purchase Order Agreement are attached hereto as Exhibit "A".

29. In the General Terms and Conditions for Purchase Orders ("Terms and Conditions"), contains the following paragraphs which are relevant to this action:

  **10.0 INDEMNITY AND LIMITATION OF DAMAGES**
**(a)** SUPPLIER AGREES TO RELEASE, DISCHARGE, AND RELINQUISH; AND TO PROTECT, DEFEND, INDEMNIFY AND HOLD HARMLESS THE OWNER PARTIES FROM AND AGAINST ANY AND ALL CLAIMS, ASSESSED AGAINST OR INCURRED BY ANY OF THE OWNER PARTIES OR BROUGHT BY OR ON BEHALF OF ANY OF THE SUPPLIER PARTIES OR ANY THIRD PARTY (INCLUDING, BUT NOT LIMITED TO, PERSONNEL FURNISHED BY SUPPLIER PARTIES) ON ACCOUNT OF OR ALLEGING PERSONAL INJURY, BODILY INJURY, ILLNESS, OR DEATH (EXCEPT FOR CLAIMS ON ACCOUNT OF OR ALLEGING PERSONAL INJURY, BODILY INJURY, ILLNESS OR DEATH OF AN EMPLOYEE OF SUPPLIER, ITS AGENTS, OR ITS SUBCONTRACTORS OF ANY TIER) OR DAMAGE TO OR LOSS OF PROPERTY OF ANY THIRD PARTY OR PERSONNEL FURNISHED BY SUPPLIER PARTIES IN ANY WAY OCCURRING, INCIDENT TO, ARISING OUT OF OR IN CONNECTION WITH THE WORK PERFORMED OR PROVIDED BY SUPPLIER HEREUNDER OR THE PRESENCE OF ANY SUPPLIER PARTIES, THEIR PERSONNEL, OR THEIR AGENTS ON THE WORK SITE.

  \*   \*   \*

  **11.0 RISK OF LOSS**
(a) Supplier shall bear all risk of loss or damage of any kind to any and all Work, including risk of loss or damage for all materials and equipment furnished to Supplier by Owner, until completion of such Work by Supplier and Acceptance thereof by Owner.

**EXHIBIT A-1**

Copy from re:SearchTX

(b) Supplier shall with due diligence and dispatch repair or replace all lost or damaged items for which Supplier bears risk of loss or damage with items of like kind or quality conforming to the Specifications and warranties contained herein at no expense to Owner.

\* \* \*

### 12.0 INSURANCE

Supplier shall purchase and maintain such insurance as will protect supplier and Owner from the losses or claims which may arise out of or result from liabilities that Supplier or Owner may incur related to Supplier's performance or obligations to perform under the Purchase Order, whether such performance be by Supplier or by anyone directly or indirectly employed by Supplier, or by anyone for whose acts Supplier may be liable:

(a) The Supplier shall maintain insurance written in the kinds and minimum limits of liability specified below:

1) Commercial General Liability (GL) - $1,000,000 per occurrence for Bodily Injury, including death, Property Damage, and Personal Injury, with a $2,000,000 Aggregate, written on an occurrence based form. Inclusions on the GL Policy: Contractual Liability; Broad Form Property Damage; Independent Contractors; Premises and Operations; Products & Completed Operations; Mobile Equipment, cross liabilities/separation of insureds, and, no exclusion for X.C. & U., lifting, rigging, or operations within 50 feet of a railroad. The GL policy shall extend coverage to claims and/or suits brought by Supplier's employees for bodily injury incurred on Owner Parties' property and/or premises, more commonly referred to as action-over claims;

\* \* \*

9) Excess Liability (Umbrella) -$5,000,000 coverage that will respond excess of the underlying GL, EL and AL policies above (and ML and CPL, if applicable) on a following form basis.

\* \* \*

### 33.0 WARRANTY

(a) Supplier warrants that the Work shall be: (i) provided in accordance with the requirements of the Specification; (ii) performed in accordance with standards of care, skill and diligence consistent with recognized and sound industry practices and procedures; (iii) delivered to Owner free from faulty workmanship; (iv) constructed from new materials (if furnished by Supplier hereunder or unless otherwise provided for in the terms of the Purchase Order Documents) free from faults and defects and of proper size, quality and material to meet the requirements of the Purchase Order; and conveyed with free and clear title.

\* \* \*

### 34.0 CORRECTION OF WORK

(a) Supplier, at its own expense, shall promptly repair, replace or otherwise cure all materials, equipment or other Work (excluding payment for labor associated with such repair, replacement or other cure and removal and installation charges) which fails to conform to the terms of Article 33.0.

30.     The work performed by Defendant GE/Alstom to help the remove the broken Trench bushing was done pursuant to the Terms and Conditions attached hereto as Exhibit "A".

7

31. Defendants ProEnergy and GE/Alstom are contractually responsible for all damages to the Transformer as part of the services being rendered up to the amount of insurance Defendants were required to carry under the Terms and Conditions.

32. ProEnergy did not perform all items required under the Contract.

33. ProEnergy and GE/Alstom breached the contract by:

   a) Failing to indemnify Golden Spread Electric for the damage and loss of property that Golden Spread Electric incurred as a result of the Defendants' work;
   b) Failing to bear and accept the risk of loss and damage to the transformer while the Defendants were working on the transformer;
   c) Failing to maintain or provide proof of the required amount liability insurance to cover Defendants' actions during the bushing replacement project;
   d) Failing to abide by the terms of the warranty by not delivering to the owner a transformer that was free from faulty workmanship or free from faults and defects; and
   e) Failing to promptly repair or replace the damaged transformer.

34. Each of the above-referenced acts and omissions, singularly or in combination with others, constitutes a breach of contract, which proximately caused Golden Spread Electric's damages in excess of the Court's minimum jurisdictional limits.

## VI.  ATTORNEY'S FEES AND COSTS

35. Pursuant to Tex. Civ. Prac. Remedies Code § 38.001 et. seq., Plaintiffs are entitled to recover their reasonable and necessary attorney fees and costs incurred in bringing this action.

## VII.  CONDITIONS PRECEDENT

36. Plaintiffs have complied with all conditions precedent to filing this suit.

## VIII.  JURY DEMAND

37. Plaintiffs demand that this Court empanel a lawful jury to hear this case and herein tenders the appropriate fee.

**EXHIBIT A-1**

Copy from re:SearchTX

## IX. RESERVATION OF RIGHTS

38. Plaintiffs specifically reserve the right to bring additional causes of action against the Defendants and to amend this Complaint as necessary.

## X. REQUEST FOR DISCLOSURE

39. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this Request, the information and materials described in Tex. R. Civ. P. 194.2(a)-(i), (1). Copies of any documents produced in response to these Requests shall be produced before the expiration of fifty (50) days of the service hereof at the office of the undersigned counsel or at a place agreed upon by counsel.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Golden Spread Electric Cooperative, Inc. and Certain Underwriters and Insurers as subrogee of Golden Spread Electric Cooperative, Inc., respectfully request judgment in favor of Plaintiffs and against Defendants ProEnergy Services, LLC and GE Grid Solutions, LLC f/k/a Alstom Grid, Inc. in an amount in excess of the minimum jurisdictional limits of this Court, for compensatory damages, attorney's fees, costs, pre and post-judgment interest at the highest rate allowed by law, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

**EXHIBIT A-1**

Copy from re:SearchTX

Respectfully submitted,

By: *James D. Dendinger*
JAMES D. DENDINGER
Texas Bar No.  24004366
**COZEN O'CONNOR**
1717 Main Street, Suite 3100
Dallas, TX  75201-7335
214-462-3000, telephone
214-462-3299, facsimile
jdendinger@cozen.com

**ATTORNEYS FOR PLAINTIFFS**

10

**EXHIBIT A-1**

Copy from re:SearchTX